JOHN A. PEARCE (USB #8585)
E-mail: jpearce@joneswaldo.com
JONES WALDO HOLBROOK & McDONOUGH
170 So. Main Street, Suite 1500
Salt Lake City, UT 84101-1644
Telephone: 801-521-3200
Fax: 801-328-0537

JAN P. WEIR (will seek admission *pro hac vice*)
E-mail: jweir@sycr.com
DOUGLAS Q. HAHN (will seek admission *pro hac vice*)
E-mail: dhahn@sycr.com
STRADLING YOCCA CARLSON & RAUTH
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone: (949) 725-4000
Fax: (949) 725-4100

Attorneys for Defendant
XRoads Networks, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FATPIPE NETWORKS INDIA LIMITED, an India corporation,<br><br>　　　　　　　Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>XROADS NETWORKS, INC., a Delaware corporation<br><br>　　　　　　　Defendant/Counterclaim Plaintiff. | Civil Action No. 09-cv-186 (DAK)<br><br>**DEFENDANT/COUNTERCLAIM PLAINTIFF XROADS NETWORKS, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**<br><br>**JURY DEMAND** |

Defendant XRoads Networks, Inc. ("Defendant" or "XRoads") hereby answers the Complaint for Patent Infringement by Plaintiff Fatpipe Networks India Ltd. ("Plaintiff" or "Fatpipe") as follows:

## PARTIES

1. XRoads lacks the knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and, therefore, denies the same.

2. XRoads admits the allegations contained in Paragraph 2 of the Complaint.

3. XRoads denies the allegations contained in Paragraph 3 of the Complaint.

4. XRoads lacks the knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and, therefore, denies the same.

## JURISDICTION AND VENUE

5. XRoads admits that this action purports to arise pursuant to 35 U.S.C. §§ 271, 281, 283, 284 and 285. XRoads denies, however, that Fatpipe's claims have any factual or legal basis. The remaining allegations in Paragraph 5 of the Complaint are denied.

6. XRoads admits that this action purports to arise pursuant to 28 U.S.C. §§ 101 et seq. and purports to claim jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). XRoads denies, however, that Fatpipe's claims have any factual or legal basis. The remaining allegations in Paragraph 6 of the Complaint are denied.

7. XRoads admits that this action purports to claim that venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b). XRoads denies, however, that Fatpipe's claims have any factual or legal basis. The remaining allegations in Paragraph 7 of the Complaint are denied.

## BACKGROUND

8. XRoads lacks the knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and, therefore, denies the same.

9. XRoads lacks the knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and, therefore, denies the same.

10. XRoads lacks the knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, including subparts a-g, and, therefore, denies the same.

11. U.S. Patent No. 7,269,143 speaks for itself. XRoads denies the remaining allegations in Paragraph 11 of the Complaint.

12. U.S. Patent No. 7,444,506 speaks for itself. XRoads denies the remaining allegations in Paragraph 12 of the Complaint.

## FIRST CLAIM FOR RELIEF
(Patent Infringement of the '143 Patent)

13. XRoads hereby incorporates by reference the preceding responses in this Answer as if fully set forth herein.

14. U.S. Patent No. 7,269,143 speaks for itself. XRoads denies the remaining allegations in Paragraph 11 of the Complaint.

15. XRoads denies the allegations contained in Paragraph 15 of the Complaint.

16. XRoads denies the allegations contained in Paragraph 16 of the Complaint

17. XRoads denies the allegations contained in Paragraph 17 of the Complaint

18. XRoads denies the allegations contained in Paragraph 18 of the Complaint

19. XRoads denies the allegations contained in Paragraph 19 of the Complaint

882131.1

## SECOND CLAIM FOR RELIEF
(Patent Infringement of the '506 Patent)

20. XRoads hereby incorporates by reference the preceding responses in this Answer as if fully set forth herein.

21. U.S. Patent No. 7,444,506 speaks for itself. XRoads denies the remaining allegations in Paragraph 12 of the Complaint.

22. XRoads denies the allegations contained in Paragraph 22 of the Complaint.

23. XRoads denies the allegations contained in Paragraph 23 of the Complaint.

24. XRoads denies the allegations contained in Paragraph 24 of the Complaint.

25. XRoads denies the allegations contained in Paragraph 25 of the Complaint.

26. XRoads denies the allegations contained in Paragraph 26 of the Complaint.

## THIRD CLAIM FOR RELIEF
(Inducement to Infringe the '143 Patent)

27. XRoads hereby incorporates by reference the preceding responses in this Answer as if fully set forth herein.

28. XRoads denies the allegations contained in Paragraph 28 of the Complaint.

29. XRoads denies the allegations contained in Paragraph 29 of the Complaint.

30. XRoads denies the allegations contained in Paragraph 30 of the Complaint.

## FOURTH CLAIM FOR RELIEF
(Inducement to Infringe the '506 Patent)

31. XRoads hereby incorporates by reference the preceding responses in this Answer as if fully set forth herein.

32. XRoads denies the allegations contained in Paragraph 32 of the Complaint.

33. XRoads denies the allegations contained in Paragraph 33 of the Complaint.

34. XRoads denies the allegations contained in Paragraph 34 of the Complaint.

882131.1

## PRAYER FOR RELIEF

Although no answer is required to Plaintiff's prayer for relief, Defendant denies all allegations in sub-paragraphs 1 through 9 and further denies that the requested relief should be granted to Plaintiff.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

35. The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

36. The '143 and '506 patents patent, as construed by Fatpipe to cover the XRoads products accused of infringement by Fatpipe in the Complaint (the "Accused Products"), are invalid.

### Third Affirmative Defense

37. The '143 and '506 patents are not infringed by XRoads.

### Fourth Affirmative Defense

38. The Complaint is barred by the doctrine of laches and/or estoppel.

### Fifth Affirmative Defense

39. The claims of the '143 and '506 patents, as construed by Fatpipe to cover the Accused Products, are invalid for failing to meet all applicable statutory requirements in Part II

of Title 35 of the United States Code including, without limitation, 35 U.S.C. §§ 101, 102, 103 and 112 as conditions for patentability.

## COUNTERCLAIMS

1. Jurisdiction over these counterclaims arises under the Federal Declaratory Judgments Act, Title 28, United States Code, Sections 2201 and 2202 and under the laws of the United States concerning actions relating to patents, Title 28, United States Code, Section 1338(a). A justiciable controversy exists between counterclaim-plaintiff XRoads and counterclaim-defendant Fatpipe concerning the existence, validity and scope of Fatpipe's '143 and '506 patents, and counterclaim plaintiff XRoads' liability for the alleged infringement thereof.

2. Each of the patents identified in paragraph 35 of this counterclaim is invalid, unenforceable and not infringed for one or more of the reasons alleged in paragraphs 35 through 50 of this Answer, all of which are incorporated herein by reference.

## COUNT I
*(Declaratory Judgment of Non-Infringement of the '143 Patent)*

3. XRoads reasserts and realleges each of the foregoing paragraphs 1–2 as if fully set forth herein.

4. There is an actual, substantial, and continuing justiciable case or controversy between XRoads and Fatpipe regarding the non-infringement of the '143 patent.

5. The XRoads Accused Products have not and do not infringe any valid and/or enforceable claim of the '143 patent.

6. XRoads is entitled to a judicial declaration that the manufacture, use, sale, offer for sale, and/or importation of the Accused Products have not infringed, do not infringe, and would not, if marketed, infringe any valid and/or enforceable claim of the '143 patent.

## COUNT II
*(Declaratory Judgment of Invalidity of the '143 Patent)*

7. XRoads reasserts and realleges each of the foregoing paragraphs 1–6 as if fully set forth herein.

8. There is an actual, substantial, and continuing justiciable case or controversy between XRoads and Fatpipe regarding the invalidity of the '143 patent.

9. The claims of the '143 patent, as construed by Fatpipe to cover the Accused Products, are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Patent Code including, *inter alia*, Sections 101, 102, 103, 112 and 116.

10. XRoads is entitled to a judicial decision that the claims of the '143 patent is invalid.

## COUNT III
*(Declaratory Judgment of Non-Infringement of the '506 Patent)*

11. XRoads reasserts and realleges each of the foregoing paragraphs 1–10 as if fully set forth herein.

12. There is an actual, substantial, and continuing justiciable case or controversy between XRoads and Fatpipe regarding the non-infringement of the '506 patent.

13. The XRoads Accused Products have not and do not infringe any valid and/or enforceable claim of the '506 patent.

14. XRoads is entitled to a judicial declaration that the manufacture, use, sale, offer for sale, and/or importation of the Accused Products have not infringed, do not infringe, and would not, if marketed, infringe any valid and/or enforceable claim of the '506 patent.

882131.1

## COUNT IV
*(Declaratory Judgment of Invalidity of the '506 Patent)*

15.  XRoads reasserts and realleges each of the foregoing paragraphs 1–14 as if fully set forth herein.

16.  There is an actual, substantial, and continuing justiciable case or controversy between XRoads and Fatpipe regarding the invalidity of the '506 patent.

17.  The claims of the '506 patent, as construed by Fatpipe to cover the Accused Products, are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Patent Code including, inter alia, Sections 101, 102, 103, 112 and 116.

18.  XRoads is entitled to a judicial decision that the claims of the '506 patent is invalid.

## XROADS' PRAYER FOR RELIEF

**WHEREFORE** XRoads prays:

(a)  That Fatpipe take nothing by reason of its Complaint;

(b)  That this Court declare that the '143 and '506 patents are invalid;

(c)  That this Court declare that the '143 and '506 patents are not infringed by XRoads;

(d)  That the Court award XRoads its costs and reasonable attorneys' fees under 35 U.S.C. § 285; and

(e)  For such other and further relief as the Court deems just and proper.

882131.1

## JURY DEMAND

Defendant demands a jury on all issues that are triable to a jury.

Dated: March 30, 2009

STRADLING YOCCA CARLSON & RAUTH

By: *(signature)*
Jan P. Weir
Attorneys for XRoads Networks, Inc.

882131.1

JOHN A. PEARCE (USB #8585)
E-mail: jpearce@joneswaldo.com
JONES WALDO HOLBROOK & McDONOUGH
170 So. Main Street, Suite 1500
Salt Lake City, UT 84101-1644
Telephone: 801-521-3200
Fax: 801-328-0537

JAN P. WEIR (will seek admission *pro hac vice*)
E-mail: jweir@sycr.com
DOUGLAS Q. HAHN (will seek admission *pro hac vice*)
E-mail: dhahn@sycr.com
STRADLING YOCCA CARLSON & RAUTH
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone: (949) 725-4000
Fax: (949) 725-4100

Attorneys for Defendant
XRoads Networks, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FATPIPE NETWORKS INDIA LIMITED, an India corporation,<br><br>Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>XROADS NETWORKS, INC., a Delaware corporation<br><br>Defendant/Counterclaim Plaintiff. | Civil Action No. 09-cv-186 (DAK)<br><br>**PROOF OF SERVICE** |

## PROOF OF SERVICE

STATE OF CALIFORNIA   )
                      ) ss
COUNTY OF ORANGE      )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 660 Newport Center Drive, Suite 1600, Newport Beach, CA 92660. On March 30, 2009, I served the following documents:

DEFENDANT/COUNTERCLAIM PLAINTIFF XROADS NETWORKS, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS; JURY DEMAND

- ☑ By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Newport Beach, California addressed as set forth below.

- ☐ By electronic mail in pdf format to the addressees as provided on the Service List.

- ☐ By placing the document(s) listed above in a sealed FEDERAL EXPRESS package for overnight delivery at Newport Beach, California addressed as set forth below.

### SEE SERVICE LIST

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 30, 2009, at Newport Beach, California.

_____
Terry L. Kuester

## SERVICE LIST

Fatpipe Networks India Limited
v.
Xroads Networks, Inc.

United States District Court
For the District of Utah, Central Division
Honorable Dale A. Kimball
Case No. 09-cv-186 (DAK)

Stephen J. Hill, Esq.
Robert B. Lochhead, Esq.
Timothy B. Smith, Esq.
PARR BROWN GEE & LOVELESS
185 South State Street, Suite 800
Salt Lake City, UT  84147
T:  802-532-7840
F:  801-532-7550

*Attorneys for Plaintiff*
*Fatpipe Networks India Limited*