Blake T. Ostler (Bar No. 4642)
Jeffrey R. Olsen (Bar No. 9079)
THOMPSON OSTLER & OLSEN
57 West 200 South, Suite 350
Salt Lake City, Utah  84101
Telephone:  (801) 575-5000
Facsimile:  (801) 575-5006

Attorneys for Defendant

_____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FATPIPE NETWORKS INDIA LIMITED, n/k/a FATPIPE NETWORKS, LTD., an India corporation,<br><br>Plaintiff,<br><br>vs.<br><br>XROADS NETWORKS, INC., a Delaware corporation,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER  (DKT. NO. 250) AND MOTION TO FILE SURREPLY (DKT. NO. 279)**<br><br>Case No. 2:09-CV-186 TC DN<br><br>Chief District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

The magistrate judge ruled on Defendant's Motion for a Protective Order (docket no. 250) in open court on 4 March 2011 after considering the briefing from the parties.  The Plaintiff, FatPipe Networks, Ltd. ("FatPipe") was represented by its counsel of record, Barbara Polich, and the Defendant, XRoads Networks, Inc. ("XRoads") was represented by its counsel of record, Blake T. Ostler.  The Magistrate Judge hereby rules as follows:

1. XRoads filed its Motion for a Protective Order on 23 December 2010 (Dkt. No. 250).

2. FatPipe filed its opposition to the motion on 6 January 2011 (Dkt. No. 263).

3. XRoads filed its reply brief on 21 January 2011 (Dkt. No. 265).

4. On 1 February 2011, the Court took the Motion for Protective Order under

1

advisement and issued an Order (Dkt. No. 270) requiring XRoads to respond to Requests to Admit 1-90 in FatPipe's Third Requests for Admissions.

5.  The Court was very concerned because of the great number of Requests to Admit. There were 608 Request to Admit in total submitted by FatPipe, which would impose a substantial burden on XRoads to answer.

6.  The Court's prior Order requiring response to Requests to Admit 1-90 was designed to narrow issues and clarify claims. In the Court's view, the Plaintiff's Requests to Admit 1-90 were the most relevant to this case.

7.  The Court reserved its Order until after having reviewed the responses to Requests to Admit 1-90 filed by XRoads. XRoads has now prepared and filed with the Court its Responses to Requests to Admit 1-90 (Dkt. No. 276).

8.  On 3 March 2011, FatPipe filed its Supplemental Memorandum in Opposition to XRoads' Motion for Protective Order (Dkt. No. 287). The Court has read and considered the Reply.

9.  After reviewing the responses filed by XRoads, the supplemental memoranda, and the motion to file a sur-reply and memorandum (Dkt. Nos. 279 and 280, respectively) it is hereby ORDERED as follows:

The Motion for Leave to File Sur-Reply Brief to FatPipe's Motion for Modification of Case Scheduling Order and Rule 26 and 37 Motion (Dkt. No. 279) is hereby GRANTED.

The Court hereby GRANTS the Motion for a Protective Order and rules that XRoads is not required to answer the remaining Requests to Admit filed by FatPipe. The Court is greatly concerned about the burden imposed on XRoads in having to answer the numerous additional Requests to Admit at a time when the parties are involved in so many tasks and a very tight schedule

to prepare for a Markman hearing. After having reviewed the responses filed by XRoads and the supplemental memorandum filed by FatPipe, the Court is convinced that requiring further Responses to Requests to Admit will only lead to further disputes about what should be responded to and whether the answers provided are truly responsive. That would lead to further delay and dispute. The burden, delay and further disputes far outweigh the value of requiring additional responses to the Requests to Admit. While the Requests to Admit outline in detail the potentially significant issues in this case, and they might have been helpful a year ago as a planning or discussion tool, at this time they present more problems than solutions.

The Court finds that this case is already very old and it is in the interest of judicial economy and of the parties to not delay the remaining schedule any more than absolutely necessary. The Court therefore finds that the burden of requiring XRoads to respond to the additional Requests to Admit far outweighs any benefit gained through the exercise of responding to the requests to admit. For these reasons, XRoads' Motion for a Protective Order is hereby GRANTED.

DATED this 14th day of March, 2011.

BY THE COURT:

_____
Magistrate Judge David Nuffer