IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| FATPIPE NETWORKS INDIA LTD., <br><br> Plaintiff, <br><br><br> vs. <br><br><br> XROADS NETWORKS, <br> Defendant. | ORDER <br><br><br><br><br> Case No. 2:09-CV-186-TC |

This matter comes before the court on Plaintiff FatPipe Networks India LTD's (FatPipe's) objection to Judge Nuffer's recent order on the deposition of Darren French (Dkt. No. 294) and his recent order granting XRoads Networks's (XRoads's) motion for protective order (Dkt. No. 250).

## BACKGROUND

**Objection to Order Regarding French Deposition**

On March 14, 2011, Judge Nuffer issued an order granting in part and denying in part FatPipe's Rule 26 and 37 motion (Dkt. No. 266) seeking an order that FatPipe is not precluded from deposing Mr. French in his individual capacity. After considering the briefing, hearing argument from counsel, and receiving the stipulated motion for extension of time to file expert reports, Judge Nuffer granted FatPipe's motion in part, allowing it to take the deposition of Mr. French in his individual capacity to the extent that it was combined with any deposition of Mr. French in his capacity as an expert. But the court limited the combined deposition to a total of ten

hours over two consecutive days and limited Mr. French's individual capacity deposition to two topics, "invalidity and marketing material." (Order [Dkt. No. 294] at 3.)

FatPipe contends that it was error for Judge Nuffer to limit the topics of Mr. French's individual capacity deposition, especially given that the court did not provide any reasoning in the order.

**Objection to Protective Order**

On December 23, 2010, XRoads filed a motion for a protective order regarding FatPipe's third and fourth requests for admission, which contained 608 separate requests. XRoads contended that responding to the requests would constitute annoyance, embarrassment, oppression, or undue burden or expense because of the number of requests, the fact that several require multiple responses, and the lack of definitions for terms. Judge Nuffer entered a docket text order on February 1, 2011, taking the motion under advisement. The court noted that there "is a very large number of admissions, but they appear focused on precise technical issues. Responses could substantially aid in refining issues in this case." (Docket Text Order [Dkt. No. 270].) To test this, Judge Nuffer ordered XRoads to answer requests 1-90 in the third set of admissions, after which the court would review the responses and rule on the pending motion.

During the March 4, 2011, hearing on XRoads's motion, Judge Nuffer made findings on the record and granted XRoads's motion for protective order, ordering that it was not required to respond to the remaining requests for admission. The court's order sets out the reasons for Judge Nuffer's ruling, including that the court was (1) "very concerned because of the great number of Requests to Admit. There were 608 Requests to Admit in total submitted by FatPipe, which would impose a substantial burden on XRoads to answer"; (2) "greatly concerned about the

burden imposed on XRoads in having to answer the numerous additional Requests to Admit at a time when the parties are involved in so many tasks and a very tight schedule to prepare for a Markman hearing"; and (3) "convinced that requiring further Responses to Requests to Admit [would] only lead to further disputes about what should be responded to and whether the answers provided are truly responsive," which would lead to further delay and dispute. (Order [Dkt. No. 293] at 2-3.) The order also reflects Judge Nuffer's rationale for requiring XRoads to respond to requests 1-90 -- in the court's view, these "were the most relevant to this case." (Order at 2, ¶ 6.) Accordingly, Judge Nuffer concluded that "the burden, delay and further disputes far outweigh the value of requiring additional responses to the Requests to Admit."[1] (Order at 3.)

FatPipe objects to Judge Nuffer's order, contending that the rationale for the order is moot[2] and the order is clearly erroneous and contrary to law.

## STANDARD OF REVIEW AND GOVERNING LAW

According to the procedural rules and statutory law, the court must modify or set aside any part of Judge Nuffer's order that is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "Because a magistrate judge is afforded broad discretion in the resolution of nondispositive discovery disputes, the court will overrule the magistrate judge's determination only if this discretion is clearly abused." Hinsdale v. City of Liberal, 981 F. Supp. 1378, 1739 (D. Kan. 1997); see also Schwarz v. F.B.I., No. 98-4036, 1998 WL 667643, at *3

---

[1]The order also states: "The Court therefore finds that the burden of requiring Xroads to respond to the additional Requests to Admit far outweighs any benefit gained through the exercise of responding to the requests to admit." (Order at 3.)

[2]FatPipe's argument is based on the contention that Judge Nuffer's primary concern was case management -- that the requests could not be answered within the set case schedule -- which was rendered moot by the amended scheduling order entered on March 18, 2011.

(10th Cir. Sept. 17, 1998) (finding the "decision of the magistrate judge denying discovery was reasonable and well within its broad discretion to manage such matters").

Under Rule 26(b), the court may limit the scope of discovery and the length of depositions. Fed. R. Civ. P. 26(b)(1), (2)(a). In fact, "the court must limit the frequency or extent of discovery otherwise allowed . . . if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative . . . ; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(c). And under Rule 26(c)(1), the court may, for good cause, issue a protective order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1).

## ANALYSIS

### Objection to Order Regarding French Deposition

Having reviewed FatPipe's objection and supporting papers, as well as Judge Nuffer's order, the court concludes that Judge Nuffer's ruling is not clearly erroneous or contrary to law. Although Judge Nuffer's order does not set forth reasons for limiting the scope of Mr. French's individual capacity deposition, Rule 26 gives him the authority to so limit it. Judge Nuffer made findings on the record during the hearing on FatPipe's motion (Dkt. No. 289), and Rule 26 does not require him to incorporate those findings in his order.

### Objection to Protective Order

Judge Nuffer granted XRoads's motion for a protective ordered based on the court's determination that requiring XRoads to respond to the 608 requests for admission would impose a substantial burden. Judge Nuffer also considered the age of the case and the status of the

schedule. Having reviewed FatPipe's objection and supporting papers, as well as Judge Nuffer's order, the court concludes that Judge Nuffer's ruling is not clearly erroneous or contrary to law. And the fact that the case schedule has subsequently changed does not so make it.

## CONCLUSION

For the reasons set forth above, Judge Nuffer's orders (Dkt. Nos. 293 and 294) are AFFIRMED and FatPipe's objections (Dkt. Nos. 297 and 298) are DENIED.

DATED this 9th day of May, 2011.

BY THE COURT:

_____
TENA CAMPBELL
United States District Judge