IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FATPIPE NETWORKS INDIA LIMITED, n/k/a FATPIPE NETWORKS, LTD., an India corporation,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>XROADS NETWORKS, INC., a Delaware corporation,<br><br>　　　　Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR ATTORNEYS FEES AND COSTS**<br><br>Case No. 2:09 cv 00186 TC DN<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

　　　　Defendant XRoads Networks, Inc. (XRoads) filed a Motion for Sanctions and Dismissal for Evidence Tampering and Spoliation.[1] XRoads alleged Ms. Sanchaita Datta, as an expert for FatPipe Networks, Ltd. (FatPipe), tampered with logs of XRoads Edge devices she tested and gave perjured testimony about the testing. XRoads' motion was granted in part, and FatPipe was ordered to pay the expenses, including attorneys' fees and costs, incurred by XRoads in connection with bringing the motion.[2] XRoads has filed its motion for attorneys' fees and costs,[3] and FatPipe responded.[4] This order and award of attorneys' fees is entered under 28 U.S.C. §636(b)(1)(A), and the court's inherent authority to award certain fees and costs.

---

[1] Motion for Sanctions and Dismissal for Evidence Tampering and Spoliation, docket no. 301, filed April 8, 2011.

[2] Memorandum Decision and Order Granting in Part Defendant's Motion for Sanctions, docket no. 432, filed January 23, 2012.

[3] Motion (Request) for Attorneys' Fees and Costs, docket no. 418, filed November 29, 2011.

[4] FatPipe's Response to XRoads' Motion (Request) for Attorney's Fees and Costs (FatPipe's Response), docket no. 429, filed under seal December 16, 2011.

**Discussion**

Generally, this order awards XRoads its attorneys' fees and costs relating to the motion. The award includes expenses related to: (a) the two-day evidentiary hearing conducted on November 14-15; (b) the papers on the motion for sanctions including the motion to strike;[5] and (c) the expense of gathering evidence and presentation materials.[6] Contrary to Fatpipe's contentions, supporting billing records are not required; the exhibits supporting the fees have adequate foundation; and proof that fees were billed to XRoads is not required. "It is perfectly proper to award attorney's fees based solely on affidavits in the record."[7] However, only allowable expenses relating to the motion will be granted. Specific decisions on claimed fees and expenses follow.

1. **Jeffrey R. Olsen Fees**

    Jeffrey R. Olsen is a licensed Utah attorney with Thompson Ostler & Olsen, the firm retained by XRoads in 2010 as counsel in this case. After the tampering became evident on October 7th Mr. Olsen assisted in legal research, and discussed, prepared and drafted papers related to the tampering motion.[8] He claims $5,242.50 in attorney fees.[9]

---

[5] Motion to Strike the Declaration of Daren French, docket no. 341, filed May 27, 2011.

[6] Memorandum in Support of Motion (Request) for Attorney's Fees and Costs (Supporting Memorandum) at 2, docket no. 419, filed November 29, 2011.

[7] *Norman v. Hous. Auth.,* 836 F. 2d 1292, 1303 (11th Circuit 1988). .

[8] Declaration of Jeffrey R. Olsen, docket no. 420, filed November 29, 2011.

[9] *Id.*

    a. An award for Jeffery Olsen's fees totaling $5,130.00 is GRANTED. This excludes fees before October 8, 2010 ($112.50) because those fees were incurred before tampering was evident.[10]

## 2. Blake T. Ostler Fees

Blake T. Ostler is also a licensed Utah attorney with Thompson Ostler & Olsen. After the tampering became evident on October 8th, 2010, Mr. Ostler reviewed, drafted, edited, and filed various papers related to the tampering motion. He also attended inspections, prepared for and took the deposition of Ms. Sanch Datta, and prepared for and attended the hearing on the tampering motion.[11] Ostler claimed $40,796.00 in attorney fees[12] and his firm, Thompson Ostler & Olsen, claimed $4,671.06 in costs.[13]

    a. An award for Blake Oster's fees totaling $39,315.50 is GRANTED. This excludes fees before October 8, 2010 ($1,316,00) because these fees were incurred before tampering was evident.

        i. Fees from Mr. Ostler's conferences with Dr. Nelson are included because these conferences were necessary to understand the issues on the tampering motion.

        ii. Any time related to admitting Mr. O'Malley pro hac vice is excluded as Mr. O'Malley's admission is related to the case as a whole. On November 3, 2011 Mr. Ostler prepared pro hac vice documents. While the time of

---

[10] Inspection Report Dr. Brent Nelson 8 October 2010, docket no. 304, which is Exhibit C to Memorandum in Support of Motion for Sanctions and Dismissal for Evidence Tampering and Spoliation, docket no. 303, filed under seal April 8, 2011.

[11] Declaration of Blake T. Ostler, docket no. 421, filed November 29, 2011.

[12] Exhibit A to Declaration of Blake T. Ostler.

[13] Exhibit C to Declaration of Blake T. Ostler.

      preparation was not itemized on the exhibit to Ostler's declaration,[14] the magistrate judge estimates one quarter of Mr. Ostler's time recorded on November 3rd as the time spent preparing these documents. This exclusion of $164.50 is reflected in the award granted.

    iii. The firm's costs including copying, delivering, and transcript costs[15] are DENIED because these costs are not allowable costs.

### 3. Chelsea Cope Paralegal Fees

Chelsea Cope is a paralegal employed by Thompson Ostler & Olsen. During the month of November 2011 she assisted in preparing documents relating to the motion.[16] $704.00 was claimed for her efforts.

    a. An award for Chelsea Cope's fees totaling $704.00 is GRANTED.

### 4. John C. O'Malley Fees

John C. O'Malley is an attorney licensed in California and is a partner with Newport Trial Group, APC. He was admitted pro hac vice in this matter as counsel for XRoads. After the tampering became evident on October 8th, 2010, Mr. O'Malley reviewed, prepared for and participated in the tampering motion, and appeared at the hearing.[17] Mr. O'Malley stated that his fees would have normally exceeded $58,000.00 at his standard rate of $580 per hour, but his firm had an agreement to bill XRoads no more than

---

[14] Exhibit A to Declaration of Blake T. Ostler.

[15] Exhibit C to Declaration of Blake T Ostler.

[16] Exhibit B to Declaration of Blake T. Ostler.

[17] Declaration of John C. O'Malley, docket no. 422, filed November 29, 2011.

$20,000.00.[18] His firm, Newport Trial Group, APC, also claimed $592.84 in copying costs and $636.34 in travel expenditures.[19]

    a. An award of Mr. O'Malley's fees totaling $20,000.00 is GRANTED.

    b. Mr. O'Malley's copying costs are DENIED because these are not allowable costs.

    c. Mr. O'Malley's travel expenditures are DENIED because these are not allowable costs.

**5. Daren French Fees**

Daren French is a co-founder of XRoads and opines for XRoads as an expert in this case.[20] Mr. French claims $23,700.00 for his work in his expert capacity.[21] His work included examining evidence. Mr. French also claims $3,510.00 for travel expenditures related to the October 2010 inspection, the November 14-15, 2011 hearing and $2,129.15 for the hearing transcript.[22]

    a. The expert fees for Daren French are DENIED because he is a party-principal and not a retained expert.

    b. The travel costs related to the October 2010 inspection and November 14-15 hearing are DENIED because these costs would have been incurred for his attendance as a party.

---

[18] *Id.*

[19] Supporting Memorandum at 2; Declaration of John C. O'Malley.

[20] Declaration of Daren French re: Factual Background in Support of Award of Attorneys' Fees and Costs (Declaration of Daren French), docket no. 423, filed November 29, 2011.

[21] *Id.*

[22] *Id.* at 5-6; Exhibit A to Declaration of Daren French.

      c.  The November 14-15, 2011 hearing transcript itemized in his cost summary was necessary to prepare the order regarding the motion for sanctions and thus an award of costs totaling $2,129.15 is GRANTED.

**6. Dr. Brent Nelson**

Dr. Brent Nelson was retained by XRoads as an outside examiner for this case.[23] Daren French seeks $2,473.00 for Dr. Nelson's expert fees. Dr. Nelson implemented the protocol to obtain testing evidence from the two XRoads devices.[24] The fees to Dr. Brent Nelson are related to the case as a whole, and while his work revealed problems relating to this motion, the work he performed has utility for the entire case beyond this motion. These fees and expenses are DENIED.

**7. Mike Deloach Fees**

Mike Deloach was retained by XRoads as an expert for this case.[25] Daren French seeks $2,400.00 for Mr. Deloach's expert fees in attending the November 14-15 hearing.[26] Mr. Deloach's work also included ten hours attempting to duplicate the testing Fatpipe claimed had been done at a cost of $1,500.00.[27]

      a.  The fees from Mr. Deloach are related to the case as a whole and are thus DENIED.

---

[23] Declaration of Daren French at 2.

[24] *Id.*

[25] Declaration of Daren French at 5.

[26] *Id.,* Exhibit A to Declaration of Daren French.

[27] Declaration of Daren French at 3, Exhibit A to Declaration of Daren French.

**FatPipe's Request for Stay**

Additionally, Fatpipe's request for stay[28] of this award is DENIED. The motion FatPipe intends to file is independent of this motion.

In summary, the following table lists the amounts claimed and the amounts awarded.

| Item | Claim | Award |
|---|---:|---:|
| Olsen Attorney Fees | $5,242.50 | $5,130.00 |
| Ostler Attorney Fees | $40,796.00 | $39,315.50 |
| Thompson Ostler & Olsen Costs | $4,671.06 | |
| Cope Paralegal Fees | $704.00 | $704.00 |
| O'Malley Attorney Fees | $20,000.00 | $20,000.00 |
| O'Malley Copying Costs | $592.84 | |
| O'Malley Travel Expenditures | $636.34 | |
| French Expert Fees | $23,700.00 | |
| Nov. 11th Travel Expenditures | $3,510.00 | |
| Hearing Transcript | $2,129.15 | $2,129.15 |
| Nelson Expert Fees | $2,473.00 | |
| Deloach Expert Fees | $3,900.00 | |
| **TOTAL** | **$103,112.39** | **$62,148.65** |

---

[28] Fatpipe's Response at 21.

## ORDER

IT IS HEREBY ORDERED that the Motion (Request) for Attorneys' Fees and Costs[29] is GRANTED.  Fatpipe shall pay XRoads $62,148.65 for fees and expenses incurred in the motion for sanctions.  This sum is due thirty days after the order of the district judge resolving Fatpipe's Objections to Magistrate Judge's Order (Dkt. No. 432) Re Motion For Sanctions and Dismissal[30] and any objections to this order,.

Dated March 6, 2012.

BY THE COURT:

David Nuffer
U.S. Magistrate Judge

---

[29] Docket no. 418, filed November 29, 2011.

[30] Docket no. 437, filed February 7, 2012.