IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FATPIPE NETWORKS INDIA LIMITED, n/k/a FATPIPE NETWORKS, LTD., an India corporation,<br><br>Plaintiff,<br><br>vs.<br><br>XROADS NETWORKS, INC., a Delaware corporation,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [435]FATPIPE' NETWORKS' MOTION FOR SUMMARY JUDGMENT OF EQUIVALENTS AVAILABILITY FOR THE '143 PATENT**<br><br>Case No. 2:09−cv−186−DN<br><br>District Judge David Nuffer |

Fatpipe "asks the Court to hold that a jury may consider equivalents available . . . under the Doctrine of Equivalents when infringement is being deliberated. . . . FatPipe respectfully moves the Court to hold that a full range of equivalents is available to all '143 Patent claims."[1]

Claiming that "[e]quivalents availability is a question of law ripe for summary judgment,"[2] Fatpipe nonetheless offers a Statement of Facts[3] without pointing to any features of XRoads products which are claimed to be equivalent to Fatpipe's patent claims and argues that "[a] full range of equivalents is available to all '143 Patent claims because no narrowing amendments or arguments disclaiming subject matter were made during prosecution."[4]

Fatpipe's motion is abstract, not directed at any specific claim of equivalence. "Fatpipe raises this issue while failing to submit any evidence whatsoever as to the equivalents it is

---

[1] Plaintiff FatPipe Networks' Motion for Summary Judgment of Equivalents Availability for the '143 Patent at 1-2, docket no. 435, filed February 7, 2012.

[2] *Id.* at 2.

[3] Plaintiff FatPipe Networks' Memorandum Supporting Motion for Summary Judgment of Equivalents Availability for the '143 Patent (Supporting Memorandum) at 2, docket no. 436, filed February 7, 2012.

[4] *Id.*

seeking to raise, thereby asking the Court to consider the issue in a quasi-vacuum."[5]  "The Court cannot adjudicate in Fatpipe's favor the hypothetical of whether the doctrine of equivalents may be raised without knowing what equivalents Fatpipe may seek to specify . . . ."[6]

XRoads also points out that Fatpipe neglects to mention the facts that might support prosecution history estoppel:

> The text of the Detailed Action provided by the Patent Office (and contained in Fatpipe's moving papers at Docket No. 436, pp. 14-19) sets forth a rejection of Fatpipe's 143 Patent on multiple grounds including numerous grounds pertaining to prior art with Zisapel . . . .  Fatpipe clearly argued [several points of Zisapel] as a means of distinguishing established prior art cited by the examiner to "request favorable reconsideration of the application."[7]

In its reply memorandum, Fatpipe does not challenge the Patent Office record, but contends that most of what XRoads says about estoppel is mere argument, not fact and that any facts cited are mere prosecution history argument, not entitled to the same weight as an amendment.[8]  This distinction is overstated.[9]

The record is simply not developed enough, and the arguments are not sufficiently focused and joined for the court to make any decision about equivalents or the effect of prosecution history estoppel.  Equivalents, if any are specifically alleged and not estopped, will be submitted to the jury.  The court will determine whether prosecution history estoppel applies.[10]

---

[5] Defendant's Opposition to Plaintiff's Motion for Summary Judgment (Opposition) at 1, docket no. 443, filed March 6, 2012.

[6] *Id.* at 2.

[7] *Id.* at 5.

[8] FatPipe's Reply Memorandum Further Supporting [435] Motion for Summary Judgment of Equivalents Availability for the '143 Patent (Reply) at 8, docket no. 454, filed March 13, 2012.

[9] *Motionless Keyboard Co. v. Microsoft Corp.*, No. Civ.04–180–AA, 2005 WL 1113818 (D. Or. May 6, 2005).

[10] *Wang Labs., Inc. v. Mitsubishi Elecs. Am., Inc.*, 103 F.3d 1571, 1578 (Fed.Cir. 1997).

## ORDER

IT IS HEREBY ORDERED that Plaintiff Fatpipe Networks' Motion for Summary Judgment of Equivalents Availability for the '143 Patent[11] is DENIED.

Dated January 10, 2013.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[11] Docket no. 435, filed February 7, 2012.