IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FATPIPE NETWORKS INDIA LIMITED, n/k/a FATPIPE NETWORKS, LTD., an India corporation,<br><br>Plaintiff,<br><br>vs.<br><br>XROADS NETWORKS, INC., a Delaware corporation,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [450] FATPIPE'SMOTION FOR SANCTIONS FOR FAILURE TO COMPLY WITH COURT'S ORDER DKT. NO. 382**<br><br>Case No. 2:09−cv−186−DN<br><br>District Judge David Nuffer |

FatPipe has moved for sanctions against XRoads "for failing to comply with this Court's Order Granting in Part FatPipe's Motions to Compel (Dkt. no. 382)."[1] In the motions which preceded that discovery order "FatPipe and XRoads had no meaningful communication before the motions were filed."[2] The same is apparently true here.[3] Had the parties communicated, the issues presented in this motion might have been resolved without the motion.

FatPipe's briefing is clear and complete, proceeding one by one through the disputed interrogatories and requests, responses, the court's order, and the supplemental responses. This method is very helpful and encouraged. Unfortunately, XRoads' briefing does not follow the sequence of the discovery requests, adhering to an organizational scheme which has despite several readings eluded this reader, but places an apparently arbitrary number on each paragraph which is apparently unrelated to the organization of its memorandum.

---

[1] FatPipe's Motion for Sanctions for Failure to Comply with Court's Order Dkt. No. 382 at 1, docket no. 450, filed March 7, 2012.

[2] Order Granting in Part FatPipe's Motions to Compel (Order 382) at 1, docket no. 382, filed September 26, 2011.

[3] Opposition of Defendant XRoads Networks, Inc., to Plaintiff's Motion for Violation of Docket No. 382 (Opposition Memorandum) at 12, docket no. 472, filed April 5, 2012.

Part of the challenge with FatPipe's motion is that it takes an exhaustive approach to discovery, assuming that every possible question must be answered, but at this stage of the litigation, some balance is needed as the value of the information sought is weighed in light of the issues in the case to which those issues pertain. FatPipe makes no case for relevance of material beyond that provided in the supplemental responses, and in many cases takes a hyper-technical approach to the answers instead of using common sense readings. Further, XRoads has failed to carefully read Order 382 and respond with precision. Finally, the failure to really develop these issues by meaningful meet and confer efforts makes the motion unnecessarily complex.

FatPipe complains:

In response to this Court's Order, XRoads supplemented its discovery responses on October 24, 2011; yet many of XRoads' responses are evasive or incomplete, and/or unanswered at all. Others are answered subject to General Objections. And, without compunction, XRoads repeatedly answers with statements that are just not true.[4]

This order will examine and dispose of each of the issues FatPipe raises.

**General Objections.** FatPipe claims that in a phone conversation on January 20, 2012, "Mr. O'Malley said he could not respond to the inquiry as to whether discovery was withheld based upon the General Objections, but he would check and respond by no later than January 31."[5] XRoads recalls the January 20, 2012 conversation differently. Mr. O'Malley says "I had a specific telephone conversation with opposing counsel, including Barbara Polich and John Ogilvie, in which I expressly informed them that XRoads was not withholding any information

---

[4] FatPipe's Memorandum in Support of Motion for Sanctions for Failure to Comply with Court's Order Dkt. No. 382 (Supporting Memorandum) at 3, docket no. 451, filed March 7, 2012.

[5] FatPipe's Reply Memorandum in Support of Motion for Sanctions for Failure to Comply with Court's Order Dkt. No. 382 (Reply Memorandum) at 3, docket no. 491, filed April 25, 2012.

or documents pursuant to any General Objections . . . . [This call [occurred on January 20]."[6] While the email record cited by FatPipe is not clear,[7] it is now clear that XRoads is not withholding any information based on the General Objections.

**Interrogatories Nos. 1 and 2.** As to these two interrogatories which seek information on XRoads' source code, FatPipe's complaint is that XRoads did not repeat the words suggested in the court's order. "If XRoads lacks this information, it should so state in answers . . . ."[8] But XRoads' supplemental responses state that "XRoads had provided all the relevant information that it had in its possession to FatPipe"[9] and "the information regarding functionality differences are in FatPipe's possession."[10] The answers are sufficient to say that XRoads has provided all that it has.

**Interrogatory No. 4.** This interrogatory asked XRoads to "[i]dentify by name any persons or companies that have provided any customer, engineering, programming, or marketing support since 2007 and describe Your relationship with them and the date of service."[11] XRoads' response "does not address the portion of the interrogatory directed to customer support or marketing."[12] But XRoads asserts without dispute that "Fatpipe [sic] never objected to this language via direct communications with XRoads and/or a request for further supplementation.

---

[6] Declaration of John C. O'Malley in Support of [473] Defendant's Opposition to [445] Motion for Sanctions ¶ 21 at 13, docket no. 473-10, filed April 5, 2012.

[7] Supporting Memorandum at 4 n.5.

[8] Order 382 at 2.

[9] Supporting Memorandum at 4.

[10] *Id.* at 6.

[11] *Id.* at 7.

[12] *Id.*

3

Instead, five months after service of same, Fatpipe filed a motion . . . ."[13] Therefore, FatPipe has forfeited any right to this information.

**Interrogatory No. 7** "seeks information about the screen shots contained in a document first attached to [Defendant] XRoads Partial Initial Disclosure and Response to FatPipe's Initial Disclosure . . .,[14] and then subsequently attached as an exhibit to the Declaration of Daren French[15] . . . ."[16] Because these two documents were produced at different dates five months apart, FatPipe is dissatisfied with the inconsistent answers XRoads has given that "[t]he screen shots were taken from the then current firmware which XRoads was deploying at the time the declaration was made" and "[w]e assume the screen shots were taken at around the same time they were produced." [17] However, XRoads has made it clear that it "cannot provide additional background information which it does not have"[18] which is consistent with the Order's acknowledgment that XRoads may lack specific information on this subject.[19] It appears from the answers that the screen shots in the latter document are identical to the screen shots attached to the earlier screen shots, which provides some dating.

**Interrogatories Nos. 9 and 10** ask for information on "companies with which XRoads has an affiliation"[20] and owners of XRoads since its inception.[21] Requests Nos. 11 and 12 are

---

[13] Opposition Memorandum at 13.

[14] Dated June 4, 2009, attached as Exhibit 11 (docket no. 19-12) to Declaration of Douglas Q. Hahn in Support of Defendant Xroads Networks, Inc.'s Ex Parte Motion for Modification of Court's Patent Rules, docket no. 19, filed June 17, 2009.

[15] Declaration of Daren French, Exhibit B, docket no. 88, filed November 18, 2009.

[16] Supporting Memorandum at 10.

[17] *Id.* at 9.

[18] Opposition Memorandum at 17.

[19] Order 382 at 2-3.

[20] Supporting Memorandum at 12.

[21] *Id.* at 13.

similar.[22] XRoads answered that it "has no other affiliate owners" [23] and produced its outstanding stock certificates.[24] The interrogatory response is not artfully drafted (what does "other" reference and why are affiliate and owner status grouped?), but XRoads' production of stock certificates[25] is sufficient to respond to these interrogatories and requests. XRoads states it has "partnerships" with customers,[26] but those entities are not owners in a sense that would make them knowledgeable about the issues in this case and thus useful for further discovery.

**Request No. 1** seeks follow-up emails in XRoads' effort to retrieve source code from customers as ordered.[27] XRoads' supplemental response states "all such documents have been produced."[28] But none were produced. The court did order that "[i]f there are no such documents, XRoads should clearly state that fact in a formal response to the request for production."[29] XRoads failed to do so,[30] again not clearly focusing on what Order 382 required. Even XRoads' memorandum opposing this motion is hardly clear on this point.[31] But it is clear now that no such follow-up emails exist. Therefore, FatPipe has made its point that XRoads did very little to comply with the order to retrieve source code.

---

[22] *Id.* at 17-18.

[23] *Id.* at 13.

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] Memorandum Decision and Order Granting Motion for Scheduling Conference (Order 112), docket no. 112, filed January 8, 2010.

[28] Supporting Memorandum at 14.

[29] Order 382 at 4.

[30] Supporting Memorandum at 15.

[31] Opposition Memorandum at 17.

**Request No. 6** asked for documents "that relate directly or indirectly to the relationship that XRoads has to the following: CloudGuard, Barracuda Networks, and Optrics."[32] XRoads did not provide documents, but stated:

> CloudGuard is a website developed by one of our resellers. XRoads Networks has no affiliation or contact with Barracuda Networks, they are a competitor. Optrics is a reseller for XRoads Networks and hosts several websites which market XRoads Networks solutions. XRoads Networks has no control or other affiliation with these websites and/or companies.[33]

While not fully responsive, this response is sufficient because more information would likely not lead to information relevant to the issues in this case, balanced against the time, expense and burden to seek it.

**Request No. 10** sought payment information for all persons who render services to XRoads and specifically those who participate in XRoads' marketing, sales and programming.[34] The presumed objective is to identify witnesses and their relative participation in XRoads' operations. XRoads supplemental response stated that "[a]ll marketing plans, sales programs, and/or software development was conceived, designed, and implemented within XRoads by XRoads employees" but only provided payroll records for Mr. French who XRoads identified as "the only person who has access to add, delete, or modify the XRoads devices firmware and/or OS software."[35] This does not comply with Order 382's requirement of production of payment records for all XRoads employees involved in marketing plans and sales programs. But since the essence of this case is the XRoads code, and French's records have been provided, this is sufficient.

---

[32] Supporting Memorandum at 15.

[33] *Id.*

[34] *Id.* at 16.

[35] *Id.* at 17.

6

**Request No. 14**[36] seeks "the isolated code" that performs functions referenced in a declaration of Mr. French.[37] The supplemental response clearly identifies the already-produced code. "[T]he code is specifically titled site2site.xroads and multiple versions of this code are included in the various folders of code provided to FatPipe. Each folder was labeled and the version information, where available, was provided within the production."[38] This response is sufficient.

**Request No. 19** seeks documents "that identify any person or entity selling, distributing, selling, offering to sell, importing, marketing, or manufacturing the XOS platform or Edge products"[39] and FatPipe complains that XRoads has not produced documents.[40] But the order required only that "XRoads . . . identify resellers and others offering the XOS platform or products in response to Request Nos. 18 and 19."[41] No documents were ordered produced.

**Request No. 32** seeks a broad range of "[d]ocuments related to any security or encryption attributes of the Edge appliances or XOS Platform."[42] The dispute has been refined to focus on customer tickets and responses, and XRoads says that this entire database has been produced to FatPipe, which should moot FatPipe's claim that XRoads' keyword searching was inadequate.[43] (Again, it appears the parties failed to confer before the keyword search was

---

[36] *Id.* at 18.

[37] Docket no. 88, filed under seal November 18, 2009.

[38] Supporting Memorandum at 18.

[39] *Id.* at 19.

[40] *Id.* at 20.

[41] Order 382 at 4.

[42] Supporting Memorandum at 20.

[43] *Id.* at 21, Opposition Memorandum at 15.

performed.)  The sufficiency of the ticket production is the subject of another motion,[44] which will resolve this issue.

**Requests Nos. 39 and 40**[45] similarly deal with a request to inspect a device in XRoads' possession which is subject to a separate motion.[46]  The resolution of that motion will address this issue.

## ORDER

IT IS HEREBY ORDERED that FatPipe's Motion for Sanctions for Failure to Comply with Court's Order Dkt. No. 382[47] is DENIED.

Dated January 10, 2013.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[44] Motion for Sanctions for Ticket Database Spoliation and Discovery Violations, docket no. 447, filed March 7, 2012.

[45] Supporting Memorandum at 22-23.

[46] FatPipe's Motion for Sanctions Under Rule 37 and the Inherent Powers of the Court, docket no. 445, filed March 6, 2012.

[47] Docket no. 450, filed March 7, 2012.